## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**ARACELY MAGALI**<br>**GALICIA ANDRADE,**</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**Plaintiff**</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**v.**</td><td>*</td><td>**CIVIL NO. JKB-22-1588**</td></tr>
<tr><td>**JASSO MAINTENANCE, LLC, *et al.*,**</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**Defendants**</td><td></td><td></td></tr>
</table>

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Plaintiff Aracely Magali Galicia Andrade brought this suit against Jasso Maintenance, LLC ("JM") and Jose Jasso (collectively, "Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). (*See* Compl., ECF No. 1.) Defendants filed an Answer and Counterclaim against Plaintiff, asserting claims for fraud, breach of contract, and unjust enrichment. (*See* Ans. & Countercl., ECF No. 8.) Plaintiff filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). (*See* ECF No. 13.) Defendants have not filed a response to the Motion, which is ripe for decision. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). .For the reasons set forth below, Plaintiff's Motion for a More Definite Statement will be denied.

### I.    *Background*

Plaintiff is a Maryland resident who alleges that she was employed by JM between 1995 and 2022 to perform cleaning services. (Compl. at ¶ 1.) JM is a limited liability company that

operates a cleaning business in the State of Maryland. (Countercl. at ¶ 1.) Jose Jasso is an individual who is "significantly involved" in JM's business operations. (Ans. at ¶ 3.)

In her Complaint, Plaintiff alleges that from June 12, 2019 to June 16, 2022, she performed cleaning services for JM seven days per week between 7:30 a.m. and 3:30 p.m. (Compl. at ¶ 7.) Plaintiff alleges that during this period, Defendants violated the FLSA and the MWHL by failing to pay her a premium for overtime hours worked and by failing to pay any wages for some of her regular hours worked. (*Id.* at ¶¶ 9–24.) Plaintiff also alleges that Defendants violated the MWPCL by failing to pay her for overtime, certain regular hours worked, and one week of vacation time. (*Id.* at ¶¶ 25–26.)

Defendants allege in their Counterclaim that Plaintiff provided cleaning services for JM at a rate of $14.00 per hour pursuant to a profit-sharing agreement between the parties. (Countercl. at ¶ 30.) Defendants further allege that, between June 2019 and June 2022, Plaintiff engaged in a pattern of leaving work before the end of her agreed-upon shift and of misrepresenting the number of hours she worked during her shifts. (*Id.* at ¶¶ 8–18.) Specifically, Defendants allege that Plaintiff utilized a timekeeping system that "depended on the honesty of the employee" to misrepresent the number of hours she worked during certain shifts. (*Id.* at ¶ 9.) Defendants allege that Plaintiff overreported her hours worked by a total of 2,768 hours, and that this misrepresentation caused her to be paid $38,752 in excess of the wages to which she was entitled under the profit-sharing agreement. (*Id.* at ¶¶ 17–18.) Based upon these allegations, Defendants bring claims for fraud (Count I), breach of the parties' profit-sharing agreement (Count II), and unjust enrichment (Count III). (*Id.* at ¶¶ 20–41.)

Plaintiff filed a Motion for a More Definite Statement of Defendants' claims, contending that "Defendants' [Counterclaim] is so vague and ambiguous, that Plaintiff is unable to prepare a

2

response to the allegations[.]" (ECF No. 13 at 1.) Specifically, Plaintiff argues that Defendants'

fraud claim lacks "key details about when, where, and how the alleged fraud was perpetrated,"

pursuant to Rules 12(e) and 9(b). (*Id.* at 3–5.) Plaintiff also avers that Defendants' breach of

contract and unjust enrichment claims lack sufficient detail to allow her to respond to the

Counterclaim. (*Id.* at 6–7.) For the reasons set forth below, the Court denies Plaintiff's Motion.

## II.    Legal Standard

Under Rule 12(e),

> [a] party may move for a more definite statement of a pleading to which a
> responsive pleading is allowed but which is so vague or ambiguous that the party
> cannot reasonably prepare a response. The motion must . . . point out the defects
> complained of and the details desired.

Fed. R. Civ. P. 12(e).   A motion for a more definite statement is "designed to strike at

unintelligibility rather than simple want of detail[.]" *Seneca One Fin., Inc. v. Structured Asset

Funding, LLC*, Civ. No. DKC-10-1704, 2010 WL 4449444, at *2 (D. Md. Nov. 4, 2010) (citation

and internal quotation marks omitted).   Unlike a motion to dismiss, which tests the legal

sufficiency of a complaint, a Rule 12(e) motion for a more definite statement focuses on whether

"a party has enough information to frame an adequate answer[.]" *Streeter v. SSOE Sys.*, Civ. No.

WMN-09-01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (citation omitted).   Where a

party has enough information to frame an answer, the Court should "deny the Rule 12(e) motion

and avoid delay in maturing the case." *Id.* (citation omitted).

## III.    Analysis

For the reasons set forth below, Defendants' fraud claim is neither vague nor ambiguous,

and Defendants have pleaded this claim with sufficient particularity under Rule 9(b).   In addition,

Defendants' breach of contract and unjust enrichment claims are both pleaded in a clear and

3

intelligible manner which provides Plaintiff with enough information to frame an adequate answer. Therefore, the Court denies Plaintiff's Motion for a More Definite Statement.

### A.    Fraud (Count I)

As an initial matter, a more definite statement of Defendants' fraud claim is not warranted pursuant to Rules 12(e) and 9(b).

Under Maryland law, the elements of a fraud claim are: (1) that the defendant made a false representation to the plaintiff, (2) that the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury as a result of the misrepresentation. *See Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005).

Additionally, Rule 9(b) requires that a party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A fraud claim must identify with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999) (citation omitted). Generally, this requires alleging the "who, what, when, where, and how" of the alleged fraud. *See U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014). However, a "court should hesitate to dismiss a Complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Avery v. Chariots For Hire*, 748 F. Supp. 2d 492, 504 (D. Md. 2010) (citing *Harrison*, 176 F.3d at 784).

4

Plaintiff contends that she is unable to answer Defendants' fraud claim because Defendants have failed to satisfy the heightened pleading standard of Rule 9(b). (ECF No. 13 at 3–5.) Specifically, Plaintiff argues that Defendants' fraud claim is deficient because Defendants do not specify: (1) the type of timekeeping system that Plaintiff allegedly used; (2) whether she was required to clock in and out of work shifts; (3) when her shift began; (4) what her work schedule was; (5) what reports Defendants reviewed to detect fraud; (6) when Defendants learned of the alleged fraud; and (7) how Defendants calculated their damages. (*Id.* at 4–5.)

To the extent that Plaintiff argues Defendants' fraud claim is deficient under Rule 12(e), a careful review of the Counterclaim shows that this claim is neither vague nor ambiguous.

Here, Defendants' fraud allegations are pleaded clearly, in chronological order, and in numbered paragraphs. (Countercl. at ¶¶ 5–28.) Defendants intelligibly allege that: (1) Plaintiff knowingly misrepresented her hours worked by way of inaccurate representations of those hours; (2) Plaintiff did so for the purpose of defrauding Defendants; (3) Defendants justifiably and rightly relied on said misrepresentations; and (4) Defendants suffered injuries in the amount of at least $38,752. (*Id.* at ¶¶ 20–28.) As such, Defendants have sufficiently pleaded fraud to survive Plaintiff's Rule 12(e) challenge.

Defendants' fraud allegations also contain sufficient particularity pursuant to Rule 9(b). Defendants allege that Plaintiff, between June 2019 and June 2022, engaged in a pattern of leaving her work site early, despite indicating to Defendants through a timekeeping system that she worked longer shifts, and that Plaintiff thereby obtained wages to which she was not entitled. (Countercl. at ¶¶ 9–12, 20–28.) Because these allegations reveal "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," they are sufficiently pleaded under Rule 9(b). *See Harrison*, 176 F.3d at 783–

84. Plaintiff, nonetheless, argues that Defendants' fraud claim lacks numerous details, including

the specifics of the timekeeping system used, Plaintiff's work schedule, the reports used to detect

Plaintiff's alleged fraud, and how damages were calculated. (ECF No. 13 at 4–5.) While these

details may be *related* to Plaintiff's alleged fraud, these allegedly missing details do not amount

to the "circumstances *constituting* [Plaintiff's alleged] fraud." *See* Fed. R. Civ. P. 9(b) (emphasis

added). In addition, it appears that many of the details Plaintiff seeks would be obtainable through

discovery. *See Richards v. NewRez LLC*, No. 20-1282, 2021 WL 1060286, at *31 (D. Md. Mar.

18, 2021) ("When the information sought in connection with a Rule 12(e) motion 'is available or

properly sought through discovery, the motion should be denied.'") (citation omitted).

Lastly, while Defendants do not specify the *exact* dates upon which Plaintiff allegedly

committed fraud, other courts have held that a claimant need not allege every instance of fraud

where the fraudulent activity is alleged to have occurred over a prolonged period. *See, e.g., In re*

*Pharm. Indus. Average Wholesale Price Litig.*, 478 F. Supp. 2d 164, 172 (D. Mass. 2007) (noting

that because "fraud may involve numerous transactions that occur over a long period of time . . .

pleading the precise specifics with regard to every instance of fraudulent conduct may be

impractical."); *Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, Civ. No.

19-982-Orl-78DCI, 2020 WL 3250130, at *3 (M.D. Fla. Feb. 21, 2020) (holding that pleaders who

alleged that fraudulent statements occurred "on numerous occasions . . . over a period of several

years" satisfied Rule 9(b)'s particularity requirement). As such, a more definite statement of

Defendants' fraud claim is not warranted pursuant to Rule 9(b).

### B.    *Breach of Contract (Count II)*

A more definite statement of Defendants' breach of contract claim is also not warranted.

Under Maryland law, the elements of a cause of action for breach of contract include the existence

6

of a contractual obligation, a material breach of that contractual obligation, and resulting damages. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 655 (D. Md. 2015) (citation omitted).

Plaintiff argues that a more definite statement of Defendants' breach of contract claim is warranted because Defendants have not stated: (1) whether the parties' contract was in writing; (2) when it was entered into; (3) whether it is separate from Plaintiff's employment agreement; (4) the manner in which Defendants allegedly performed under the contract; (5) what consideration supported the contract; (6) when Defendants learned of the alleged breach; or (7) how Plaintiff breached the contract by misrepresenting her hours. (ECF No. 13 at 6.)

To be sure, Defendants' claim for breach of contract is not pleaded with the level of detail sought in Plaintiff's Motion. However, Plaintiff appears to seek a level of detail not required by the Rules. Defendants intelligibly allege: (1) that the parties had a contractual agreement for cleaning services; (2) that Plaintiff breached the agreement by overstating her hours worked and being paid in excess of hours worked; and (3) that JM suffered $38,752 in damages. (Countercl ¶¶ 29–35.) As such, Defendant's breach of contract claim is neither vague nor ambiguous. Furthermore, the details sought in Plaintiff's Motion are not essential to a plausibly alleged claim for breach of contract, *see Tucker*, 83 F. Supp. 3d at 655, and Plaintiff may obtain them through discovery. *See Richards*, 2021 WL 1060286, at *31. Therefore, a more definite statement of Defendants' breach of contract claim is not warranted pursuant to Rule 12(e).

### C.    *Unjust Enrichment (Count III)*

Lastly, a more definite statement of Defendants' unjust enrichment claim is not warranted. The elements of a claim for unjust enrichment include: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the

acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *See MTBR LLC v. D.R. Horton, Inc.*, Civ. No. 07-3363, 2008 WL 3906768, at *11 (D. Md. Aug. 22, 2008). Plaintiff argues that a more definite statement of this claim is necessary because Defendants fail to allege sufficient facts to demonstrate: (1) when the alleged unjust enrichment occurred; (2) that Plaintiff was aware of the benefit being conferred or knew it was unlawful; and (3) how it was inequitable for Plaintiff to retain the alleged benefit. (ECF No. 13 at 7.)

This argument is unavailing. Here, Defendants intelligibly allege that Plaintiff was unjustly enriched in the amount of $38,752 when she was paid for work that she had not actually performed. (Countercl. at ¶ 37–38.) Defendants also intelligibly allege that Plaintiff was aware that she conferred this benefit, and that equity requires her to remit payment of the benefit. (*Id.* at ¶¶ 39–41.) Given the clarity and intelligibility of these allegations, a more definite statement of this claim is not warranted pursuant to Rule 12(e).

### IV.    Conclusion

For the reasons stated above, a separate Order shall issue denying Plaintiff's Motion for a More Definite Statement (ECF No. 22.)

DATED this 23 day of November, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

8